UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-179-KAC-SKL ) |
| WASHINGTON COUNTY JAIL, OFFICER SHRADER, SGT. LIONS, OFFICER CARRIER, and OFFICER STONESITTER, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate in the Washington County Detention Center, filed a Complaint under 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2] and various related motions [Docs. 4, 5], and an inmate trust account statement [Doc. 6]. Because the "three strikes" provision of the Prison Litigation Reform Act (PLRA) prohibits Plaintiff from proceeding as a pauper in this action, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and related motions [Docs. 2, 4, 5] and **DISMISSES** this action, subject to Plaintiff paying the filing fee in full.

Plaintiff is barred from proceeding *in forma pauperis* in this action under the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g). The "three strikes" provision states that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three (3) or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

As a prisoner, Plaintiff has filed at least three (3) cases that this Court dismissed for failure

to state a claim upon which relief may be granted. *See Swann v. Penske, et al.*, 1:20-CV-264 [Docs. 10, 11, 12] (E.D. Tenn. July 21, 2021) (dismissed for failure to state a claim upon which relief may be granted under Section 1983)[1]; *Swann Sr. v. District Attorney of Kingsport, et al.*, 1:22-CV-025 [Docs. 5, 6] (E.D. Tenn. Feb. 7, 2022) (same); *Swann Sr. v. Swann*, 2:21-CV-193 [Docs. 9, 12] (E.D. Tenn. Feb. 24, 2022 (same). Accordingly, Plaintiff has accumulated at least three strikes under the PLRA in this district alone and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The PLRA's "imminent danger" exception allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if he is in "imminent danger" of serious physical injury. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). "[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Id.* (quotations and citations omitted). The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies only where the Court, informed by

---

[1] Plaintiff James Swann, Senior, appears to have a son who goes by the name "James Swann, Junior" and has filed lawsuits in this District. *See*, *e.g.*, *Swann Jr. v. Hinkle*, 1:21-CV-319 (E.D. Tenn. May 16, 2022). And the complaint in *Swann v. Penske*, 1:20-CV-264 does not specify that Plaintiff James Swann, Senior, filed it. However, Court records make clear that Plaintiff James Swann, Senior, filed the *Penske* lawsuit. Specifically, in a recent lawsuit that Plaintiff James Swann, Senior, filed in this District, he alleged that he had colon cancer and referenced his prior incarceration in Shelby County. *Swann Sr. v. District Attorney, et al.*, 1:21-CV-263, doc. 38 (E.D. Tenn. June 14, 2022) (noting that Plaintiff James Swann, Senior alleged in that case that he had colon cancer and sought records from his Shelby County public defenders). And the *Penske* Swann plaintiff was in jail in Shelby County, Tennessee when he filed the complaint in that case. *See Swann v. Penske*, 1:20-CV-264, Doc. 1 at 2. Also, in at least one of his filings in the *Penske* case, the *Penske* Swann plaintiff referenced his colon cancer. *Id.* at Doc. 8 at 1.

2

its "judicial experience and common sense, could draw the reasonable inference" that Plaintiff faced an existing danger when he filed his Complaint. *See Taylor*, 508 F. App'x at 492 (citations and quotations omitted).

Here, in his Complaint, Plaintiff alleges that after unnamed inmates "jumped" him while he was housed in C9, unnamed officers placed him in protective custody against his will[2] [Doc. 1 at 3]. Plaintiff then requested to be moved to B3 through a written form, at which point Defendants Sgt. Lions and Lt. Kamper allegedly placed Plaintiff in C9 again, where unnamed inmates "jumped" him again [*Id.* at 4]. Also, on January 27, 2022, Defendant Officer Stonesitter allegedly heard other inmates threaten to kill Plaintiff and told Defendant Officer Shrader he did not know where to put Plaintiff, so the officers put Plaintiff "back in [C9[3]] where [he] was in fear for [his] life" [*Id.*]. Unnamed inmates then allegedly beat Plaintiff again while guards watched [*Id.*]. Plaintiff states that while he does not want to be in C9, he also does not want to be in protective custody and that there are other places officers can house him [*Id.*].

These allegations do not allow the Court to draw a reasonable inference that Plaintiff was in imminent danger of serious physical injury when he filed his Complaint. Rather, the Complaint demonstrates that while Defendants allegedly previously placed Plaintiff in danger in C9, he was in protective custody at the time he filed his Complaint [*Id.*]. And nothing in the Complaint allows the Court to draw a reasonable inference that Plaintiff faced an imminent danger of injury while

---

[2] Plaintiff's handwritten Complaint also includes an illegible passage related to acts by an unnamed officer on January 24 and 26, 2022 [*See* Doc. 1 at 3]. But Plaintiff signed his Complaint on June 28, 2022, approximately five (5) months after the later date, [*id.* at 5], and nothing in the Complaint indicates that any acts from January 2022 placed Plaintiff in serious risk of imminent danger on June 28, 2022, when he signed his Complaint.

[3] Because Plaintiff refers to being placed "back in" a housing area that made him fear injury for the third time, and his Complaint refers to two previous C9 placements that resulted in physical altercations between him and other inmates, it appears that Plaintiff is referring to C9 here.

in protective custody, or that there was a real and proximate danger of officers placing Plaintiff back in C9 at the time he filed his Complaint [*See* Doc. 1 at 3-4]. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (requiring "real and proximate" danger "of serious physical injury" "at the time the complaint is filed" to satisfy the imminent danger exception and noting that past danger is insufficient). Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

For the reasons set forth above, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and related motions [Docs. 2, 4, 5] under Section 1915(g), and the Court **DISMISSES** Plaintiff's instant action **without prejudice** to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when the Complaint delivered to district court clerk). Accordingly, this case **SHALL** be **CLOSED**. Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
